STATE OF NEVADA, ON THE RELATION OF HOWARD DOYLE AND JAMES R. HENDERSON, AND ERNEST S. BROWN, RELATORS AND PETITIONERS, v. JOHN KOONTZ, AS SECRETARY OF STATE OF NEVADA, RESPONDENT.

No. 3723

September 19, 1952.                    248 P.2d 412.

_Ernest S. Brown_ and _William P. Horgan,_ both of
Reno, for Relators.

_W. T. Mathews,_ Attorney General, _George P. Annand,
William N. Dunseath_ and _John W. Barrett,_ Deputy
Attorneys General, all of Carson City, for Respondent.

## OPINION

_Per Curiam:_

This proceeding presents the sole question as to
whether an initiative petition, when submitted to the
electors by the secretary of state after the legislature
fails to take action thereon, must be printed in full upon
the ballots or may be submitted by title accompanied
with a brief statement of the purport thereof.

There was submitted to the 1951 session of the state legislature an initiative petition proposing the enactment of an act popularly referred to as the "Right to Work Act." The legislature having failed to act upon the said initiative petition within the time provided by constitutional and statutory provisions hereinafter referred to, the respondent secretary of state advised petitioners that he intended to have ballots printed for the submission of the said initiative petition to the qualified electors for approval or rejection at the next ensuing general election by printing upon the ballot the title of the said proposed act, together with a brief explanation thereof. Relators thereupon made demand in writing upon the secretary of state that he print the petition in full upon the ballot, which written demand the secretary of state again rejected upon advice of the attorney general. It is conceded that unless commanded to do so by this court the secretary of state will not print the entire petition on the ballot. No question is raised as to the propriety of the remedy sought.

What is known as the initiative amendment to the state constitution was proposed to and passed by the 1909 legislature, agreed to and passed by the 1911 legislature, and approved and ratified by the people at the general election of 1912. It now appears as section 3 of article 19 of the state constitution, N.C.L.1929, sec. 207. Among other things, it reserves to the people the power to propose and enact laws independent of the legislature, and provides methods for the submission to the legislature of such proposed legislation. It further provides: "If said initiative measure be rejected by the legislature, or if no action be taken thereon within said forty (40) days, the secretary of state shall submit the same to the qualified electors for approval or rejection at the next ensuing general election." The last sentence of the section reads as follows: "The provision[s] of this section shall be self-executing, but legislation may be especially enacted to facilitate its operation."

The legislature of 1921, Stats. 1921, 108, passed "An

act prescribing the procedure to be followed in the presentation and adoption of acts initiated by the people.", now secs. 2570–2580, N.C.L.1929. Section 2575 repeats the provision above quoted, when no action is taken upon the petition by the legislature within forty days. So far as the same affects the present situation, the legislative act, secs. 2570–2580 N.C.L., appears to do no more than codify the provisions of the constitutional amendment. The language of the constitution is maintained virtually intact.

The general election law of 1917, Stats. 1917, 358, N.C.L.1929, secs. 2438–2539, bears directly upon the question. Section 2471, being sec. 34 of said election law, requires the secretary of state to certify to each county clerk any proposed constitutional amendment "or other question * * * to be submitted to the popular vote," sending to the county clerks copies of such questions to supply to each inspector of election, to post three copies in each precinct and to publish the same three times in a newspaper. Section 2473, being sec. 36. of the election law, provides in part: "Whenever any question is to be submitted to the vote of the people, it shall be printed upon the ballot in such manner as to enable the electors to vote upon the question in the manner hereinafter provided, with a brief statement of the purport of such question."

Relators, maintaining that sec. 3 of article 19 of the constitution is self-executing, but conceding the right of the legislature to enact legislation "to facilitate its operation," insist first that the clear wording of the constitution providing that if *said initiative measure* is not acted upon by the legislature, the secretary of state shall *submit the same* to the qualified electors at the next ensuing general election, leaves no doubt as to the requirement that the entire initiative petition must be printed on the ballot; and that the provisions of sec. 36 of the election law above quoted as to how the question shall be printed upon the ballot have reference

only to ensuing provisions as to manner of printing, size of type, etc.

We must reject these contentions. The secretary of state, if not otherwise ordered by this court, will place the matter on the ballot as follows:

"QUESTION NO. 1
"INITIATIVE PETITION

"SHALL—An act relating to employment; prohibiting the denial of employment because of nonmembership in a labor organization; prohibiting agreements excluding any person from employment because of nonmembership in a labor organization; prohibiting strikes or picketing to induce violation of this Act; making illegal compelling or attempting to compel a person to join a labor organization or leave his employment against his will; prohibiting conspiracies to cause the discharge of any persons because of nonmembership in a labor organization; and prescribing penalties for the violation thereof. —be approved?

"Yes----------------------
"No----------------------

"(EXPLANATION OF QUESTION No. 1)
"The initiative measure, if adopted, will make it unlawful to deny any person the opportunity to obtain or retain employment because of nonmembership in a labor organization, and will prohibit any written or oral agreement whereby any person is excluded from employment because of nonmembership in a labor organization, or the compelling by any person, labor organization or officer or agent thereof, the joining by any person of an organization or to engage in a strike against his will. Prohibits a conspiracy by two or more persons to cause the discharge of any person or cause him to be denied employment because he is not a member of a labor organization."

It is not claimed that the "brief statement of the purport of such question" is deficient. It is not contended

that if so placed upon the ballot it would not be "in such manner as to enable the electors to vote upon the question." It is not contended that the *question* as to the approval or rejection of the initiative petition would not in such case be submitted to the voters. It is most seriously contended however that the constitutional provision through the language hereinabove quoted requires that *said initiative measure* be submitted to the electors and that compliance with this requirement can only be had by placing the entire measure upon the ballot.

Such authorities as have considered the question support us in rejecting this theory. While it is generally conceded that constitutional and statutory provisions requiring a description of the proposed law or measure to be printed upon the ballot are mandatory and must be complied with and that a fair portrayal of the chief features of the proposed law must be stated in words of plain meaning so as to be readily understood by electors, it is not required that the proposal be printed in full if enough is printed to identify the measure and show its character and purpose. 18 Am.Jur. 298, Elections, sec. 180.

In State Ex Rel. Thompson v. Winnett, 78 Neb. 379, 110 N.W. 1113, 1118, 10 L.R.A. (N.S.) 149, the Nebraska constitution required that a proposed constitutional amendment be submitted to the electors for approval or rejection and it was contended that this required the printing of the entire measure upon the ballot. The court in rejecting this contention said:

"The attorney general suggests 'that the entire proposed amendment to the Constitution should be printed in full upon the official ballot.' Of course, there is no ground for such a supposition. The provision of the Constitution is that the amendment shall be submitted to the electors for approval or rejection, but this does not require that the whole amendment so submitted shall be upon the ballot. Enough was printed upon the ballot

to identify the amendment referred to, and to show its character and purpose; and that is all that is required."

In our own constitution we are impressed by the complete absence of any *express* requirement that the entire initiative petition be printed upon the ballot. That such requirement is however *implied* by the provision that the secretary of state "submit the same" to the electors and that the antecedent of "the same" is "said initiative measure" is not convincing. The entire purpose of both the constitutional provisions and the statutes is to submit to the electors the *question* as to whether the proposed measure should be adopted or rejected. Such submission is, in our opinion, properly made in the manner contemplated by the respondent secretary of state.

The petition is denied, the alternative writ vacated and the proceedings dismissed.